## AL BERMAN, Inc. v. AETNA CASUALTY & SURETY CO.

### No. 11340.

United States District Court
E. D. Pennsylvania.
June 11, 1953.

614

Henry Arronson, Philadelphia, Pa., for plaintiff.

Rawle & Henderson, Philadelphia, Pa., for defendant.

GRIM, District Judge.

The plaintiff is the proprietor of a haberdashery store at 500 South Street in Philadelphia. The defendant is an insurance company, which, among other things, issues policies for water damage insurance. Plaintiff has brought this action to recover for water damage to some of its haberdashery under a policy of insurance issued to it by the defendant. The defendant's position is that the claim is not within the coverage of the policy. I have heard the evidence and must decide the case without a jury.

On August 3, 1950, when defendant's insurance policy was in force, there was a heavy rain storm in Philadelphia. During the storm rain water from the roof of plaintiff's store entered a rain spout, which ran vertically on the outside of the front wall of the building. At the ground level the rain spout entered a soil pipe which ran to the city storm sewer, which was under the street a short distance away. There was a bend in the soil pipe just below the ground level and about three inches from the place where the water spout entered the soil pipe. At the bend there was a break in the soil pipe. As the water in great quantities flowed into and through the soil pipe at the time of the storm much of it came out of the pipe through the break at the bend. It then flowed through a hole in the adjacent front foundation wall of the plaintiff's store and into the front part of the basement. The front room of the basement was somewhat higher than the rear room. The water flowed from the front room to the rear basement room where much of plaintiff's haberdashery was stored, causing the damage to the haberdashery for which this suit has been brought.

The insurance policy provided coverage: "Against all direct loss by 'water damage' except as hereinafter provided." Water damage was defined in the policy to mean:

"* * * (a) the accidental discharge, leakage or overflow of water or steam from within the following source or sources: plumbing systems (excluding sprinkler systems), plumbing tanks for the storage of water for the supply of a plumbing system, heating systems, elevator tanks and cylinders, standpipes for fire hose (except when supplied by a sprinkler system), industrial or domestic appliances and refrigerating or air conditioning systems; (b) the accidental admission of rain or snow directly to the interior of the building through defective roofs, leaders or spouting, or through open or defective doors, windows, skylights, transoms or ventilators."

Plaintiff's counsel argues that defendant is liable under both clause "(a)" and clause "(b)" of the definition of "water damage". He argues under clause "(a)" that the rain disposal system was part of the "plumbing system" and that, therefore, the break in the soil pipe caused "discharge, leakage or overflow" of water from the plumbing sys-

tem. He argues under clause "(b)" that there was an "accidental admission of rain * * * to the interior of the building through defective spouting".

It may be that the rain disposal system was part of the plumbing system [1] and that the broken soil pipe constituted defective spouting.[2] It is not necessary, however, to decide in this case what the phrase "plumbing system" means or what the word "spouting" means. The coverage clause of the policy provides that the insurance company shall be liable for "direct loss by 'water damage' * * * except as hereinafter provided" (emphasis supplied). Later in the policy under a paragraph headed "Perils not included" it is provided that:

"This Company shall not be liable for loss by 'water damage' * * * caused directly or indirectly by: (a) seepage, leakage or influx of water through building walls, foundations, basement floors, sidewalks or sidewalk lights."

■ The water entered the basement through the foundation wall. Therefore, even if it be assumed arguendo that the broken soil pipe was part of either the plumbing system or the spouting, or both, the defendant would still not be liable, because the damage resulting from the break in the soil pipe comes under one of the exceptions in the coverage of the policy. The water damage was caused by "seepage, leakage, or influx" of water through the foundation building wall and, therefore, clearly the damage was caused by a "peril not included in the policy."

This exclusion from coverage is not a whimsical one. It is well known that buildings frequently have water in their basements and that this usually occurs because of water which somehow has come through the basement walls. It is understandable that an insurance company would want to be excluded from liability for this very common hazard. Of course, it is understandable, too, that policy holders would want to be covered in these situations. To get this type of coverage, however, future policy holders will have to insist on a re-writing of this type of water damage insurance policy. There are, of course, many other water damage situations which are covered by the type of policy in the present case. An example of this is found in the case of Armon v. Aetna Casualty & Surety Co., 369 Pa. 465, 87 A.2d 302. It should be noticed that in the Armon case the Pennsylvania Supreme Court was careful to point out, when it allowed recovery, that the water which caused the damage had not gone through the building wall.

■ Plaintiff also points to the fact that probably some damage was caused by water from a toilet in a small room in the corner of the rear basement. Damage from water from this source is covered by this type of policy. However, the evidence indicates that practically all, and perhaps all, the damage came from the water from the broken soil pipe at the front of the building. It is not at all clear as to what damage, or that any damage, came about from water from the toilet. The water from the broken soil pipe mingled with the water from the toilet and it is impossible for me to make a finding in reference to damage caused by water from the toilet.

The statements of fact and law contained in the foregoing opinion will constitute the Court's findings of fact and conclusions of law in the case.

A decree may be submitted entering judgment in favor of the defendant and against the plaintiff.

1. A plumber is defined in Webster's New International Dictionary as: "A tradesman who furnishes, fits and repairs gas, water and soil pipes."

2. Spouting is defined in Webster's New International Dictionary as: "A discharging lip, pipe or orifice; a tube, pipe or conductor of any kind through which a liquid is poured or by which it is conveyed in a stream from one place to another."